for the day, on the calendar, that's Image, Inc., Nationwide Sales, et al. v. Steel City Vacuum. And I should note that we only have appellants' counsel here. The appellee has elected to just rest on the briefs. So Ms. Scalepi, how do I pronounce it? Scalepi, Your Honor. Say it again? Scalepi. Scalepi. All right. So Ms. Scalepi, you have 10 minutes. I guess you don't need a rebuttal. So you get 10 out of the game. Go ahead. Thank you. Good morning, Your Honors. May it please the Court, the relief we're seeking is for this Court to reverse and remand to the District Court with the instruction to transfer the action to Magistrate Judge Lindsey, who's now handling the main action, and for that judge to issue a decision on the merits. Magistrate Judge Lindsey is now up to speed on the main action, and she's denied both parties' summary judgment motion. Discovery is closed in the main action, correct? Correct. So essentially what you would be asked for, would Magistrate Lindsey be free to say Discovery is over and you're out of luck? Your Honor, while Discovery did close in the main action while this action was pending, we did make a Rule 5016 motion. So would Magistrate Judge Lindsey be free, under the mandate that you've made her decision in her discretion, to either say I'm going to grant this motion or I'm not going to grant it for this reason? Including Discovery is concluded. If she looks at our Rule 5060 motion in the summary judgment papers and decides that Discovery has concluded and she's not going to allow this, you know, we did preserve our right to this Discovery. This Discovery is necessary. But you could ask her that regardless of what we do here, right? You could ask to reopen Discovery. You can always do that, right? Well, I think if this Court doesn't reverse, I think we would face an issue where the opponent in the main action is going to say, you can't get this Discovery anymore. The Second Circuit told you, you know, you can't get this. But if we dismiss the appeal, then that's not going to be a very powerful argument because it would mean the Second Circuit has dismissed the appeal. It's not rendered a decision on the merits. When you're saying you would dismiss the I will speak to the jurisdictional issue. So the idea that you do not have jurisdiction, I think, cannot be right. I mean, what the Court did here is so unusual. They did not issue a decision in this case. You could have sought mandamus, right? You could petition us to direct the Court to enter a judgment, right? Your Honor, that is a different pathway. We consider that more unusual, and I believe it's usually done if the case were open. Since our case was just very suddenly closed with no decision, we can just do a regular appeal from that decision. But you have to have a final judgment. You have to have a final judgment that is not reviewable on appeal. You have two problems, the no final judgment as well as that this is a collateral matter that is not typically reviewable on appeal or that could be reviewable as part of the main case, ultimately, right? So considering whether there was no final judgment, the case was just closed. The issue was never decided. We cannot find a case where this has happened. It's that unusual. And then in terms of the collateral order rule, that relies on Berrick. And Berrick was a very distinguishable situation because there the district court issued a decision on the merits, and perhaps more critically, the Court there did not deny a request to transfer that collateral matter to the main action. Here, we specifically asked Judge Brown, will you transfer this action to the main action, in essence consolidating the two? And he denied that request. You never filed an actual motion to consolidate, right? It was a motion to vacate and transfer the action to the judge handling the main action, which was, in essence, having both in front of the same judge. He denied it. So if we were to just sit and wait. So you're saying you're appealing the denial of the motion to vacate? We have also appealed that. We appealed both orders in our notice of appeal. We appealed first the order closing the case with no decision, and the order denying our request to reopen the case and transfer it to Judge Lindsay. I mean, you characterized it as a consolidation motion, but aren't consolidation orders, like discovery orders, typically not immediately appealable? You're right, Your Honor. But the bizarre issue we face here is we have a case that was closed. There's nothing left to do, but there's no decision. And the judge has said, no, you cannot transfer this over to the main action. So if we were to just wait until the main action goes through with the trial that is going to happen in that case, as the summary judgment motions were mainly denied, we are going to reach the end of that trial. And then if an appeal is necessary, and if we want to appeal this subpoena decision, we could face somebody saying, you don't have appellate jurisdiction to appeal that anymore, because you did not appeal the denial of the motion. Well, if we were to dismiss the appeal for lack of a final order, I think that would be a hard argument to make. And so I'm not sure why, in light of Barrick and other cases where we've interpreted Barrick, the simple solution here isn't we dismiss the appeal. You can ask in the underlying case to reopen discovery if you want. Whether or not the judge does that, you then get to appeal that case once it's done and the subpoena issue here. But, Your Honor, don't litigants deserve an actual decision on the merits in the case that they bring? I mean, our clients brought the action. They went through all of the steps. You brought the action. I mean, it was brought in the Western District of Pennsylvania, right? Correct. Because that's where you thought you had jurisdiction. And then it gets transferred here. And so then it's in the same district. And the rule is where you've got the collateral and the underlying in the same district, you've got to wait for the underlying to wrap up. I don't think you're any worse off than any other litigant who started here. Would you be? We are worse off. I mean, we brought it there because that's where the party was and that's where we were supposed to bring it. It got transferred here. We are worse off. We don't have a decision on the merits. And we deserve one. That very well may be right, but I don't think that that's answered Judge Sullivan's question about don't you really need. And Judge Carney's question, don't you really need a final judgment in order to raise the issue? And if you can't raise it now, you'll be able to raise it with the main action. So maybe your client should have gotten an answer. Maybe not. But we don't exist to just review every instance where somebody is aggrieved. The nature of this situation is that the district court level just refused to handle the matter. I mean, just closed the case. I think it's just so kind and reasonable that. Well, effectively denying the motion, right, denying the request, right? I. You don't think so? You think that it was a grant? I do not think that it was a grant, but I think that in terms of if we were to assume it was a denial, then. Well, the test for finality is supposed to be. It's a practical rather than a technical analysis. So it seems to me that what happened here is that he denied your request. Unfortunately. It's not going to be unreviewable. It seems to me that it will get reviewed at a later point. We have. That's not great for the person who thinks that they should have prevailed. But, you know, that's not unique. That happens all the time, right? People are unhappy with discovery decisions, and then they get to appeal as part of their challenge to the underlying case. The issue we have, we have no explanation of the judge's reasoning on this discretionary call. If we are to assume that it was a denial on the merits, as opposed to just closing the case for whatever reason. If it's a denial on the merits, we don't have the reasoning. If we go to appeal at the end of the main action, we don't have the benefit of knowing what the district court was thinking when this motion was denied. We also have the issue of if we go and ask Magistrate Judge Lindsay to reopen discovery, she doesn't have the benefit of knowing what the district judge was thinking. It's just a blank box. It's just a case closed. And unless this court fixes this error right now, we could be faced with some collateral estoppel issues, race judicata issues down the road. So if we dismiss this appeal for lack of a final judgment, do you think you'd still be facing a collateral estoppel or race judicata argument? An issue we could face is because we had requested for the case to get moved to Judge Lindsay, waiting for Judge Lindsay's main action to be completed. We don't know if there would be a collateral estoppel issue at that point. This has never happened before that we know of. So this court, I think the fairest solution... What has never happened before? What has never happened before? That a judge basically just closed the case without ruling on... And the case is really just about a subpoena. That's all it's about, right? That is the only issue for that. So it's hard to call it a case. It is clearly a collateral action brought to enforce a subpoena, and then it got transferred, right? Well, it just got closed. Well, it got transferred from one district to another, and then it got closed. Correct, Your Honor. Can you explain how there would be collateral estoppel? I mean, I can understand maybe like a law of the case type issue, where the law of the case may not be terribly persuasive without there being reasons. But collateral estoppel, the order would still be appealable. So collateral estoppel wouldn't apply, I don't think, would it? What law tells me that collateral estoppel applies? Do you have a case? Your Honor, I am hypothesizing because we can't find a case on point. But if this, let's say, had gone forward in the western district of Pennsylvania and the judge there had just closed the case, if we waited until the main action in the eastern district of New York concluded... That's by Operation Barrett because it would be in a different circuit. Now, what we have here is we are within the same circuit, but a judge has specifically said no. This case is not getting moved over to the main action with that judge. I mean, my understanding of why, if it's in the same circuit, it can go up with the main action at the end of the main action. But it doesn't have to be. I mean, a request to consolidate doesn't have to be granted. I mean, it often would be, but it doesn't have to be. It wasn't even requested here, right? Usually there's just no request made like that. Here we've made the request and it was denied. You didn't make a consolidation request. You made a different request. You made a transfer request, right? Yes, Your Honor. In essence, it was to bring both actions in front of the same judge so that she could make a decision having dug into the merits. I think that's the only fair outcome here is that the parties get a decision on the merits by a judge who has dug into this, has looked into it, has just issued her denial of the summary judgment motions and wants to move forward to trial and let her look at it and make a decision on the merits. And at the end of that case, there will be no jurisdictional issues and will have the benefit of understanding her decision. All right. Well, thank you very much, Ms. Scalepi. We will reserve decision. That concludes the oral arguments on the calendar today. We have another case that is also on submission with respect to both sides of the case. And so with that, we will adjourn court. Thank you all. Court stands adjourned.